*E-Filed 4/12/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PLASPRO GMBH, | No. C 09-04302 RS |
| Plaintiff, | **ORDER RE: MOTION TO DISMISS** |
| v. | |
| TIMOTHY GENS; and CHEMACOUSTIC TECHNOLOGIES, INC., | |
| Defendants. | |

Plaintiff Plaspro GMBH ("Plaspro") filed a complaint against defendants Chemacoustic Technologies, Inc. ("Chemacoustic") and its alleged CEO Timothy Gens ("Gens") in Santa Clara Superior Court[1] on October 24, 2008. The complaint alleged breach of contract, fraud, and breach of the covenant of good faith and fair dealing and requested contract rescission. Defendants removed the case to this Court on September 16, 2009.

They now move to dismiss based, in part, on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court has deemed the matter suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b).

---

[1] Plaintiffs have requested that the Court take judicial notice of several pleadings filed in the state court action. This request is granted, as the documents are from the docket of another court and thus are unquestionably within the standard set forth by Federal Rule of Evidence 201(b).

Personal jurisdiction can be grounded on two separate concepts, commonly known as general jurisdiction and specific jurisdiction.  The motion to dismiss appears to argue that neither theory of jurisdiction applies in this case.  "General jurisdiction refers to jurisdiction to adjudicate claims that do not arise from the defendant's contacts with the forum state.  Thus, if a defendant is amenable to general jurisdiction in a state, the state may exercise jurisdiction over the defendant based on any claim, including claims unrelated to the defendant's contacts with the state." *Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1015 (N.D. Cal. 2005); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).  "The standard for establishing general jurisdiction is 'fairly high,' *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."  *Id.*  A court, however, should "focus upon the 'economic reality' of [a defendant's] activities rather than a mechanical checklist." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984).  Finally, even if a court concludes that substantial, or continuous and systematic, contacts exist, the assertion of general jurisdiction must still be reasonable.  *See Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 852-53 (9th Cir. 1993).

Unlike general jurisdiction, specific jurisdiction depends upon a relationship between the forum and the claim.  *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995).  The Ninth Circuit employs "a three-part test to determine whether the district court may exercise specific jurisdiction over a nonresident defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir.1995).  The first step is to determine whether the nonresident defendant has done "some act or consummate[d] some transaction with the forum[,] or perform[ed] some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections" of the forum.  *Id.* The second step asks whether "the claim [is] one which arises out of or results from the defendant's forum-related activities."  *Id.* The final inquiry is to determine if the exercise of jurisdiction is reasonable.  *Id.*

If personal jurisdiction is challenged, the plaintiffs bear the burden of establishing the district court's personal jurisdiction over the defendants. *See Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (per curiam). The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues. *Id.* In this case, the parties differ as to the facts underlying both general and specific personal jurisdiction, such that the Court cannot immediately ascertain whether the exercise of personal jurisdiction is appropriate. Limited discovery on this issue is therefore necessary.

Accordingly, the parties are hereby authorized to engage in discovery limited to the issue of personal jurisdiction. At this time, the Court will refrain from setting specific limits on the types or numbers of discovery procedures authorized by this order, but the parties are cautioned that the discovery is to be narrowly focused and as limited as possible. No later than **May 21, 2010**, the parties shall file supplemental briefs (not to exceed ten pages each) along with any accompanying declarations they shall deem necessary, pertaining to the facts at issue relevant to the general and specific jurisdiction analyses outlined above. At that time, the matter will be deemed submitted upon completion of the supplemental briefing.[2]

The Case Management Conference currently scheduled for **April 15, 2010**, is continued to **June 24, 2010**, at 10:00 a.m. in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. A supplemental joint case management statement should be submitted no later than **June 17, 2010**.

Pursuant to 28 U.S.C. § 1447(b), defendants, as the removing party, are hereby instructed to e-file copies of all records and proceedings in this case from the state court which have not already been judicially noticed pursuant to Plaspro's request.

IT IS SO ORDERED.

Dated: 4/12/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] Defendants have alternatively moved to dismiss this action under Rule 12(b)(4) and (5), alleging defects in service. Before addressing the merits of these issues, however, the Court must consider the threshold issue of its own jurisdiction.

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER WAS ELECTRONICALLY PROVIDED TO:**

David S. Harris                    dsh@northbaylawgroup.com

**AND A HARD COPY OF THIS ORDER WAS MAILED TO:**

Timothy Gens
8350 West Addison Avenue
Chicago, IL 60634

Babach Lau
Law Offices of Bobby Lau
75 E. Santa Clara Street, Suite 295
San Jose, CA 95113

DATED:   4/12/10

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

United States District Court
For the Northern District of California

4