1  BABACH LAU, ESQ. (SBN: 117248)
   LAW OFFICES OF BOBBY LAU
2  75 E. Santa Clara Street, Suite 295
   San Jose, CA 95113
3  Telephone: (408) 295-3330
   Facsimile:  (408) 295-9830
4
   Specially Appearing as Attorney for Defendant
5  CHEMACOUSTIC TECHNOLOGIES INC.

6  TIMOTHY GENS
   8350 West Addison Avenue
7  Chicago, IL 60634
   Specially Appearing In Pro Per
8

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| PLASPRO GMBH, | CASE NO.  C09 04302 RS |
| Plaintiff, | **Date of Hearing: TBD on submission** |
| v. | **Time of Hearing: TBD on submission** |
| TIMOTHY GENS, CHEMACOUSTIC TECHNOLOGIES INC., ET AL. | **Courtroom:  TBD** |
| Defendants. | **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS TIMOTHY GENS AND CHEMACOUSTIC TECHNOLOGIES INC. MOTION TO DISMISS UNDER F.R.C.P. RULE 12(B)(2) AND DEMAND FOR COSTS UNDER 28 USC §1919**<br><br>**(Declaration of Timothy Gens filed concurrently herewith)** |

# TABLE OF CONTENTS

Page

I. INTRODUCTION………………………………………………………………………….4

II. SUPPLEMENTAL BACKGROUND……………………………………………………4

III. LEGAL ARGUMENTS

   A. There are NO Factors Which Support General Jurisdiction by this Court………………5

   B. There is NO Relationship between California And the Claim to Support Specific

      Jurisdiction by this Court……………………………………………………………..7

   C. Facts Brought up in the Gens Deposition That Plaintiff does Not want the Court to Hear. 8

III. CONCLUSION,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,,9

# TABLE OF AUTHORITIES

Ballard v. Savage 65 F.3d 1495, 1498 (9thCir. 1995)

Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986)

Bancoft & Masters, Inc. v. Augusta Nat'l Inc.  223 F.3d 1082 1082, 1086 (9th Cir. 2000)

Coremetrics Inc. v. Atomic Park.com LLC, 370 F. Supp. 2d 1013, 1015 (N.D.Cal. 2005):

Gates Learjet Corp. v. Jensen, 743 F.2d 1325 1331 (9th Cir. 1984).

Omeluk v. Langsten Slip Batbyggeri A/S, 52 F.3d 267, 272 (9th Cir. 1995):

## I. INTRODUCTION

Pursuant to leave granted in the Court's order of April 12, 2010, Defendants Timothy Gens ("Gens") and ChemAcoustic Technologies Inc. ("CAT") file this supplemental memorandum in support of their motion to dismiss for want of either general or specific jurisdiction under FRCP 12(B)(2) and demand payment of costs under 28 USC §1919.

The April 12, 2010 Order granted Plaintiff authority to engage in discovery on the issue of jurisdiction without setting limits on the types of numbers of the discovery procedures. The only discovery that Plaintiff chose was to depose Gens without requesting any documents, without any requests for admission, without any other type of permitted discovery. Gens appeared for a full day of deposition on May 4, 2010 without reviewing or producing any documents since neither review not production was requested. Unfortunately, the deposition record is riddled with objections as to the relevance of asking questions about decades of work and residential history from 1977 when the alleged cause of action appears to have arisen in 2008. There was also a standing objection as to the vague and indefinite questions which confusingly switched between Gens' business and personal activities and switched between time frames dating from 1977. As a result, Defendants believe they are prejudiced by not having leave to reply to Plaintiff's Supplemental Memorandum and the potential manipulation of deposition record and other evidence presented by Plaintiff. Plaintiff's attorney has repeated presented testified or presented evidence, known not to be true.

It is Plaintiff's responsibility to conduct reasonable investigations and research before commencing an action to determine proper jurisdiction. Plaintiff ignored this responsibility and purposefully forced Defendants to incur legal fees challenging jurisdiction even after the citizenships of Defendants were clearly disclosed. Within a few months of filing this lawsuit, the facts of Defendants' residences were again presented to Plaintiff's counsel both in telephone conversations and in declarations fined in state court. However, Plaintiff stubbornly continued attempts to shoehorn jurisdiction in California, even resorting to service by publication, when the citizenships of the Defendants were known to be outside California. As a result of stubbornly ignoring the jurisdictional facts of this case, Defendants demand costs under 28 USC §1919.

[4]

## II. SUPPLEMENTAL BACKGROUND

This alleged cause of action arose in 2008. In 2006, Gens' father was diagnosed with terminal cancer. Gens' mother and father lived together in Chicago IL and were both in their late eighties. It was Gens' parents' desire for his father to live out his days at home as opposed to assisted living or hospice care. Gens took responsibility for providing personal care as his father became bedridden.

Since Gens still had two of his four children in the Palo Alto school district, he transferred the ownership of his former residence in CA to his wife and the children continued attending their respective schools. Gens then split time between his new residence in Wisconsin and Gens' parents' residence in Chicago which was within commuting distance of each other.

Gens' father died at his home in November. Shortly thereafter, Gens' mother was diagnosed with breast cancer. She is currently undergoing chemotherapy treatments at Resurrection Hospital in a suburb of Chicago while continuing to live at her home in Chicago. Gens continues to provide personal care for his mother. (Please see the Declaration of Gens ¶ 1,2,3)

## III. LEGAL ARGUMENTS

### A. There are NO Factors Which Support General Jurisdiction by this Court.

The standard for establishing general jurisdiction is fairly high and requires that the defendants' contacts be of the sort that approximates physical presence. The following is a listing of the individual factors taken into consideration by the analysis present in Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986); Bancoft & Masters, Inc. v. Augusta Nat'l Inc. 223 F.3d 1082 1082, 1086 (9th Cir. 2000) ; and Coremetrics Inc. v. Atomic Park.com LLC, 370 F. Supp. 2d 1013, 1015 (N.D.Cal. 2005): Please see the Gens Declaration ¶ 4-16 corresponding to the numbers 1-13 below for support.

1. CAT has never sold any product for use in California.
2. CAT targets no print, television, or radio advertising for its products in California and

[5]

does not advertise its products through internet search engines or other internet websites.

    3. The website for CAT is completely passive.

    4. CAT has never designated an agent for service of process in California.

    5. CAT has never been incorporated or licensed in California.

    6. CAT has purchased the following percentages of sales from vendors residing in California: 4.3% in 2007; 4.8% in 2008; 0.0% in 2009 and 0.0% to date in 2010.

    7. CAT performed no demonstrations of its customer's products in California in 2008, 2009, or to date in 2010.

    8. CAT pays no taxes in California in 2007, 2008, 2009, and to date in 2010.

    9. CAT maintains no bank accounts in California.

    10. CAT has had no employees in California during 2007, 2008, 2009, and to date in 2010.

    11. CAT had an independent contractor residing in California during 2007 through the first half of 2008 which represented less than 8% of its workforce. Since May of 2008, CAT has had no independent contractors residing in California.

    12. Gens has no professional licenses in California.

    13. Since 2006, Gens has had only one active lawsuit in California, a malpractice/ fraud suit pending against his attorneys who represented him in 2004-2006, in the Superior Court of Santa Clara County. Gens is represented by M. Matthews of Chapman Popik and White. Gens has never had to appear in California for this lawsuit and no appearance is scheduled. All matters are handled by Mr. Matthews.

Beyond the checklist, there are no economic realities to consider as presented in Gates Learjet Corp. v. Jensen, 743 F.2d 1325 1331 (9th Cir. 1984). There is no written contract alleged. There is no solicitation of business in California. There is no California choice of law and forum provision. There were no parts purchase in California, or anywhere else, for the alleged agreement between Plaintiff and Defendants. There were no contacts between Defendants and Plaintiff in California after 2007. (Please see Gens Declaration ¶17 )

**B. There is NO Relationship between California And the Claim to Support Specific Jurisdiction by this Court.**

Applying the three part test cited in Ballard v. Savage 65 F.3d 1495, 1498 (9thCir. 1995) leads to a conclusion that specific jurisdiction is also lacking. First, the nonresident Defendants have not done "some act or consummated some transaction with the forum." By Plaintiff's own admissions, there has been no agreement consummated in California, never any meetings between Defendants and Plaintiff in California after one meeting in 2007, nothing was built in California. Certainly nothing that "avails himself of the privilege of conducting activities in the forum…"

Second, does the claim arise out of or result from the defendants' forum activities? There is nothing to tie this claim to California. As stated in Omeluk v. Langsten Slip Batbyggeri A/S, 52 F.3d 267, 272 (9th Cir. 1995): "Mr. Omeluk would have suffered that same injury even if none of the Washington contacts had taken place. His claim was therefore no one which arose out of or resulted from Langsten's forum related activities." A plain reading of the allegations in Plaintiff's complaint would lead to the same conclusion.

Third, is the determination of whether the exercise of jurisdiction is reasonable. In this case it is not, as determined by the following factors found in the cited cases:

1. Defendants did nothing to purposefully interject themselves into California.

2. Defendants would suffer a great burden of defending a suit in California because there is no reason for either defendant to be in California. The books and records of the CAT are in Illinois and Wisconsin. Gens is in Illinois and Wisconsin. (Please see Gens Declaration ¶18 )

3. The sovereignty of Defendants' states would be in conflict with California.

4. California has no interest in this dispute. There are no parties having a California residence.

5. There is no efficiency gained from California being the forum state.

6. California is no more convenient, nor does it provide more effective relief, for this foreign Plaintiff than other forums.

[7]

7. Plaintiff has been aware of alternate forums from the start of this lawsuit and doggedly refuses to accept a more proper forum such as Illinois or Wisconsin.

Furthermore, when the plaintiff is a citizen of a foreign country as in this case, the plaintiff's choice of forum is much less reasonable and is not entitled to the same preference as a resident of the state in which the action is filed. *Piper Aircraft v. Reyno* (1981) 454 US 235, 259-261, 102 S. Ct 252, 70 L Ed2d 419; *Stangvik v. Shiley Inc*. (1991) 54 C3d 744, 755, 1 CR2d 556, 819 P2d 14; *Campbell v. Parker-Hannifin Corp*. (1999) 69 CA4th 1534, 1543, 82 CR2d 202. Plaintiff is a foreign corporation

This case must be dismissed under Rule 12(b)(2) for a lack of personal jurisdiction and a complete lack of contacts with this jurisdiction.

**C. Facts Brought up in the Gens Deposition That Plaintiff does Not want the Court to Hear.**

The following factors 1-11 correspond to ¶19-30 of the Gens Declaration.

1. CAT employed three independent contractor engineers through the end of 2009 at its Nevada location in Las Vegas.

2. CAT manufactured tools and tested these tools in the states of OK, IL, NV, WI, and WA from 2006 through the present.

3. CAT or Gens never had offices, a demo site, or any other manufacturing facility at a company called Pro Sys in Campbell CA or elsewhere in CA.

4. Gens did meet Mr. Ford in 2007 at Pro Sys at his request and because Mr. Ford used to be a representative of Pro Sys in Europe.

5. Gens' wife, Laura Gens is the sole owner of the property in Palo Alto, Ca since 2006. Although she has filed suit against the mortgage company, Gens has not appeared in that action and has visited his wife three times in 2010 in CA for morale support. Laura Gens has engaged the advice of other attorneys in her suit.

6. Mr. Ratra was an independent contractor through May of 2008. After which time he worked for Mr. Ford at Plaspro.

[8]

7. Mr. Ratra never worked out of the house at 4141 Old Trace Road Palo Alto, CA. Mr. Ratra's access to the property was limited to the assembly of product in a remote studio on the property in December of 2007

8. Service work for Crystal Tech in Palo Alto, Ca was on equipment not built by CAT and constitutes less than 0.1% of Cat's sales in 2007.

9. No dryers were ever sold to or for use by Wafer Process Systems in San Jose CA.

10. Plastic Logic was never a customer of CAT.

11. The clear majority, by either time or expense, of all testing of the inventions in the patent applications filed by CAT occurred in OK.

12. Gens has never heard or had notice of any other lawsuits filed against him in California.

**III. CONCLUSION**

It is not only reasonable, but necessary to grant this motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. It is Plaintiff's responsibility to conduct reasonable investigations and research before commencing an action to determine proper jurisdiction. Plaintiff ignored this responsibility and purposefully forced Defendants to incur legal fees challenging jurisdiction even after the citizenships of Defendants were clearly disclosed. Within a few months of filing this lawsuit, the facts of Defendants' residences were again presented to Plaintiff's counsel both in telephone conversations and in declarations fined in state court. However, Plaintiff stubbornly continued attempts to shoehorn jurisdiction in California, even resorting to service by publication, when the citizenships of the Defendants were known to be outside California. Defendants should be awarded costs under 28 USC §1919 for want of jurisdiction.

Dated: May 21, 2010

                    LAW OFFICES OF BOBBY LAU

                    /s/

By: _____
     BABACH LAU
     Specially Appearing as Attorney for
     Defendant ChemAcoustic Technologies Inc


TIMOTHY GENS

                    /s/

By: _____
     Specially Appearing in Pro Per

[10]

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that I, Laura Gens, am a citizen of the U. S. and I am over the age of 18 years and not a party to this action. My residence is Palo Alto, CA. On May 21, 2010 I caused the following documents:

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS TIMOTHY GENS AND CHEMACOUSTIC TECHNOLOGIES INC. MOTION TO DISMISS UNDER F.R.C.P. RULE 12(B)(2) AND DEMAND FOR COSTS UNDER 28 USC §1919**

**DECLARATION OF TIMOTHY GENS TO SUPPORT THE SUPPLEMENTAL MEMORANDUM**

To be served on:
Mr. David Harris
North Bay Law Group
116 E. Blithdale Ave. Suite 2
Mill Valley ca  94941

Through the US mail by placing a true and correct copy theref enclosed in a sealed envelope with first class postage affixed I Palo Alto CA addressed to the party identified above;

And through E-filing with the US District Court Northern District of California Electronic

I certify under penalty of perjury that the foregoing is true and correct.

Date: May 21, 2010

            _____/s/_____

              Laura A. Gens

[11]