1

2

3

4

5

6

7

8

9             UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                 SAN JOSE DIVISION

12   PLASBRO GMBH,                    )        Case No.: C 09-4302 PVT
                                      )
13                      Plaintiff,    )        **ORDER DENYING DEFENDANTS'**
         v.                           )        **MOTION TO TRANSFER FOR**
14                                    )        **CONVENIENCE PURSUANT TO 28**
     CHEMACOUSTIC TECHNOLOGIES,       )        **USC § 1404(a)**
15   INC., TIMOTHY GENS, et al.,      )
                                      )        **[Docket No. 62]**
16                      Defendants.   )
     _____ )

17

18        Defendants Timothy Gens and Chemacoustic Technologies, Inc. move to transfer for

19   convenience pursuant to 28 U.S.C. §1404(a).  (collectively "defendants").  Plaintiff Plaspro GMBH

     opposes the motion.  ("Plaspro").  Pursuant to Civ. L.R. 7-1(b), the motion is taken under
20
     submission and the hearing scheduled to be held on October 26, 2010 is vacated.  Having reviewed
21
     the papers and considered the arguments of counsel,
22
          IT IS HEREBY ORDERED that defendants' motion to transfer is denied.[1]
23
          Defendants move to change venue on the grounds that the Eastern District of Wisconsin is a
24
     more convenient for the parties and witnesses in the action, and that the action might have been
25
     brought in that district.  Defendants argue that Chemacoustic is a Nevada corporation and its
26
     principal place of business is located in Milwaukee, Wisconsin.  In addition, the books, records,
27

28   _____
          [1]       The holding of this court is limited to the facts and particular circumstances underlying
     the present motion.

                            ORDER, *page 1*

equipment, and research and manufacturing facilities of the company are maintained there.  Finally, individual defendant Gens, who contends that he is a principal witness in the action, resides in Lake Geneva, Wisconsin, and is admitted as a member of the bar there.  He states that he and Chemacoustic conduct no business in California and that company employees/consultants are based in or travel to Wisconsin.

Because defendants previously moved to dismiss, *inter alia,* for lack of personal jurisdiction, plaintiff Plasbro states that the parties undertook discovery limited to issues of personal jurisdiction pursuant to an order dated April 12, 2010.  ("April 12, 2010 Order").  To that end, plaintiff deposed individual defendant Gens in his individual capacity, and as the person most knowledgeable regarding the personal jurisdiction of Chemacoustic.  The parties provided further briefing and the court later denied the motion to dismiss, *inter alia,* for lack of personal jurisdiction.  *See* Order Denying Motion to Dismiss filed on July 28, 2010.  ("July 28, 2010 Order").  Plaintiff Plasbro further notes that this motion should have been brought earlier as part of an initial responsive pleading and that this action could never have been brought in the Eastern District of Wisconsin because Chemacoustic is located in Nevada and Gens resides in Illinois.  Moreover, a substantial part of the events in the action occurred in this district, including the following:

- The only employee who was employed by Chemacoustic during the time period relevant to this dispute, Mr. Jay Ratra, worked in California, either out of his home in Campbell, CA, at the home of Timothy and Laura Gens at 4141 Old Trace Road in Palo Alto, CA, or at the office and demo site located at 1745 Dell Avenue in Campbell, CA, a location where Chemacoustic shared office space with Pro Sys, Inc.
- When Mr. Maurice Ford, the principal at Plaspro, was involved in meeting with and negotiating the subject transaction, Mr. Gens and Mr. Ratra provided Mr. Maurice Ford of Plaspro with business cards that listed the Silicon Valley Research Center in Los Altos, CA.
- All of Mr. Gens' emails to Plaspro included this same address in his signature block.
- Every meeting that took place in the United States between Plaspro and Chemacoustic took place in California, first at Chemacoustic's office and demo site

1    in Campbell, CA, and later at the Semicon West convention in San Francisco.

2    •    Mr. Gens and Mr. Ratra met with Mr. Peter Kember, a representative from

3         PlasticLogic, the end-user company that was purchasing the tool from Plaspro in San

4         Francisco, CA.

5    •    All design work that was done for the tool took place within this judicial district in

6         California.

7    •    The tool was to be manufactured by Mr. Ratra in California.

8    •    Mr. Gens confirmed in email correspondence between himself, Plaspro and

9         PlasticLogic, that the tool was being designed in California and Mr. Gens was going

10        to arrange for clients to see the tool in action at Chemacoustic's demo site in

11        California.

12   •    All of Plaspro's calls and emails with representatives from Chemacoustic were

13        directed to California, including Mr. Ford's telephone calls to the telephone number

14        with the 650 area code (an area code in this judicial district).

15   •    Other than sending the initial 50 percent down payment to Chemacoustic's bank in

16        Incline Village, NV and participating in the meeting that took place in Germany in

17        March 2008, Plaspro is unaware of any activities, contacts or interactions that took

18        place anywhere other than in or directed at the forum state of California.

19   •    There were no communications, interactions or contacts that were directed at the state

20        of Wisconsin and no part of this transaction or any of the underlying facts related to

21        this dispute involve the state of Wisconsin.

22       28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the

23   interest of justice, a district court may transfer any civil action to any other district or division where

24   it might have been brought."

25       As noted in the July 28, 2010 Order, "[t]his is a case about an industrial dryer."  July 28,

26   2010 Order at 1.  In sum, the court made the following findings: (1) "defendants at least partly

27   negotiated, executed, and performed the contract in connection with the Plaspro purchase order in

28   California"; (2) "according to Ratra, the employee closest to the transaction, all communications

1  regarding the Plaspro order took place in California, as did all of the design work that was done for

2  the cleaner/dryer: Gens and Ratra met with Ford in Campbell, California to discuss CTI products";

3  (3) "Gens and Ratra met with Kember in San Francisco to review conceptual designs for the

4  cleaner/dryer"; (4) "Gens discussed with Ford the possibility of demonstrating the product in

5  California"; and (5) "Gens ultimately informed Ford that [Chemacoustic] would be unable to deliver

6  the cleaner/dryer while the two were at the Semicon West convention in San Francisco." July 28,

7  2010 Order at 7-8. Finally, the court noted that: "[a]s to CTI's documents, defendants bring forward

8  no explanation as to why [] documents relating to the alleged Plaspro agreement could not easily be

9  transported to California" and "the fact that Gens spends significant time outside of California is not

10 dispositive, particularly given that his wife has a residence in Palo Alto, where he has stayed as

11 recently as February 2010, and given that he is a plaintiff in two pending lawsuits in California state

12 courts where he has alleged residence in Santa Clara." April 28, 2010 Order at 9. Additionally, Mr.

13 Gens is plaintiff in an action currently pending before this court entitled, *Timothy Gens v. Vello*

14 *Corporation, et al.,* Case No. 10-3220.[2] On the docket for that action, he lists a Palo Alto, CA

15 address.

16          As an initial matter, it is not appear that the action could have been brought in the state of

17 Wisconsin. While Mr. Gens states that Chemacoustic is incorporated in Nevada and its principal

18 place of business is now located in Wisconsin, the company and its employees, or at least Mr. Ratra

19 and Mr. Gens, were located in this judicial district previously. One of the principal witnesses, Mr.

20 Ratra, currently resides in Campbell, CA, which is located in this judicial district. *See* Declaration

21 of Jagjit S. Ratra, ¶ 2. ("Ratra Decl."). And Mr. Gens himself appears to have certain ties to this

22 judicial district too, including an ex-wife in Palo Alto (who executes his proofs of service in this

23 action), and his prosecution of another case currently pending in this district.[3] Moreover, based on

24 the findings made in the July 28, 2010 Order, a substantial part of the events giving rise to the claims

25 in this action occurred here. Therefore, the considerations of convenience and interests of justice

26 ────────────────

27          [2]      Mr. Gens was a plaintiff in another action entitled, *Timothy Gens v. Sez America, Inc.,*
   Case No. 05-1009. He listed a Palo Alto, CA address on the docket in that action.

28          [3]      In the caption of the pleadings, Mr. Gens "specially appearing *in pro per*" lists an address
   in Chicago, Illinois.

1  militate against a transfer of this action.  Accordingly, defendants' motion to change venue is

2  denied.

3  Dated:   October 25, 2010

4  _____
   PATRICIA V. TRUMBULL

5  United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28