UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PLASPRO GMBH,<br><br>               Plaintiff,<br><br>   v.<br><br>TIMOTHY GENS, ET AL.<br><br>               Defendants. | Case No.: C 09-04302 PSG<br><br>**ORDER DENYING PLAINTIFF PLASPRO'S MOTION FOR SANCTIONS, INCLUDING ATTORNEY'S FEES AND COSTS**<br><br>(Docket No. 85) |

      Plaintiff Plaspro GMBH moves for sanctions, including attorney's fees and costs. Defendants ChemAcoustic Technologies, Inc. ("ChemAcoustic") and Timothy Gens ("Gens") oppose the motion. The parties appeared for hearing on Plaintiff's motion on January 11, 2011. Having reviewed the papers and considered the arguments of counsel,

      IT IS HEREBY ORDERED that Plantiff's motion for sanctions is DENIED.

      On November 16, 2010 at 2PM, the parties were scheduled to appear at a case management conference.  Approximately six minutes before the scheduled case management conference, Gens proceeding *pro se* (but himself an attorney admitted in Illinois) filed a request to appear telephonically.  *See* Request to Appear Telephonically at Case Management

Conference filed on November 16, 2010.  (Docket No. 82).  The court did not rule on Gens' request in the six minutes preceding the scheduled case management conference.  Based on the court's own calendar, the case management conference was not called until approximately 4:00PM that day.  Counsel for Plaintiff appeared, but neither Gens nor counsel for Chemacoustic did.[1]  Because Defendants failed to appear, the court continued the case management conference to January 11, 2011.

Pursuant to 28 U.S.C. § 1927 and the court's inherent powers, Plaintiff moves for sanctions, including $1,992 in attorney's fees and $47.40 in costs, all of which were incurred in preparing and filing the joint case management conference statement, appearing for the November 16, 2010 case management conference, and drafting and preparing the instant motion.  Plaintiff additionally notes that on at least four separate occasions, neither Gens nor any other counsel for Defendants attended calls scheduled by this court's ADR Office.

In defense of Defendants' actions, Gens represented at the hearing that he had intended to appear at the case management conference but that the day before an emergency arose involving an elderly parent for whose care he bears responsibility.  Gens further represented that in contrast to his past experience in this court, he subsequently learned that he could not appear through the Court's "Court Call" without prior coordination with the Court and so proceeded to file electronically a request to appear telephonically as quickly as possible.

Section 1927 states in pertinent part:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs.

*Roadway Express, Inc. v. Piper, et al.,* 447 U.S. 752, 757, 100 S.Ct. 2455, 2459, 65 L.Ed.2d 488 (1980).  A federal court further has the inherent power to impose sanctions, including attorney's fees, for wilful disobedience of a court order or for wilful abuse of judicial processes.  *See David M. Fink v. James H. Gomez,* 239 F.3d 989, 991 (9th Cir. 2001).  "[T]he litigant must have

---

[1] On November 16, 2010, ChemAcoustic was represented by counsel Babach Lau. On November 30, 2010, the court granted Gens' application for admission *pro hac vice* to represent ChemAcoustic.  Mr. Lau, however, has never moved to withdraw and remains as counsel of record.

'engaged in bad faith or wilful disobedience of a court's order.'" *Id.* at 992.

Gens' attempt to appear by telephone at the case management conference clearly violated this court's local rules. A request to appear telephonically at the case management conference must be filed and served at least seven days before the conference. *See* Civ. L.R. 16-10(a). Gens failed to provide his explanation of his responsibilities to his parent in his declaration or any other opposition papers, as would have been the more appropriate course. Nor do Defendants provide any explanation for the absence of counsel for ChemAcoustics, who at the time was represented by counsel separate from Gens. The court also is troubled by Defendants' repeated failure to attend calls scheduled by this Court's ADR Office, whose important work relies upon the full cooperation and participation of counsel.[2] Based on Gens' representations to the court, however, regarding the reasons for Defendants' failure to attend the case management conference, the Court finds insufficient evidence of the bad faith or abuse required to impose sanction under Section 1927 or this court's inherent powers.

Defendant Gens' cross-motion for sanctions is likewise DENIED.

Dated: January 13, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[2] By separate scheduling order, the parties are directed to complete mediation within 90 days. The court expects Defendants to participate without issue.