UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PLASPRO GMBH, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> TIMOTHY GENS, CHEMACOUSTIC ) <br> TECHNOLOGIES INC., ET. AL., ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | Case No.: C 09-4302 PSG <br><br> **ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT** <br><br> **(Re: Docket No. 123)** |

After a case is dismissed, the court's jurisdiction over the case ends unless the court expressly retains jurisdiction.[1] Otherwise, the court must have independent federal subject matter jurisdiction, which in a breach of settlement contract action means diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

After the parties here agreed to a Settlement Agreement, Plaintiff Plaspro GMBH ("Plaspro") filed a voluntary dismissal of the action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i)

---

[1] *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381-82 (1994) (court may retain jurisdiction over the settlement contract by providing as much in its dismissal order).

[2] *See id.*

1

Case No.: 09-4302 PSG
ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT

without requesting that the court retain jurisdiction over enforcement of the settlement agreement.[3] Plaspro admitted in its motion papers and at the motion hearing that the amount in controversy for its breach of settlement agreement action is less than $75,000.[4] Accordingly, the court lacks jurisdiction over Plaspro's motion and the motion is DENIED. The court regrets the obvious inefficiency in this outcome, as well as the likely passing of this dispute to the burdened dockets of the state courts. But this court's subject matter jurisdiction is non-discretionary.

**IT IS SO ORDERED.**

Dated: September 16, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[3] *See* Docket No. 117.

[4] *See* Docket No. 123 at 2.

Case No.: 09-4302 PSG
ORDER DENYING MOTION TO ENFORCE SETTLEMENT AGREEMENT